IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-HC-2126-BO

| | |
|---|---|
| EDGAR SEARCY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| U.S. ATTORNEY GENERAL, et al., ) | |
| ) | |
| Respondents. ) | |

Edgar Searcy ("Searcy" or "petitioner") filed a petition for writ of habeas corpus under 28 U.S.C. § 2241 ("§ 2241"). Pet., D.E. 1. The matter is before the undersigned for an initial review. See 28 U.S.C. § 2243. Prior to ruling on this petition, on August 3, 2015, the court ordered additional information. Order, D.E. 7.

As stated in the prior order, on September 25, 2003, plaintiff pled guilty in the Southern District of Florida to use of interstate commerce to engage in a sexual activity with a minor in violation of 18 U.S.C. § 2422(b). United States v. Searcy, 2:03-CR-14028-KMM, D.E. 42-45 ; Judgment, D.E. 53. On December 4, 2003, he was sentenced to a term of 180 months. Id. Plaintiff is currently housed at the Federal Correctional Center at Butner, North Carolina. It appears that plaintiff was transferred to Butner to determine whether the government will seek certification of plaintiff pursuant to the Adam Walsh Act, 18 U.S.C. § 4248 (herein referred to as "§ 4248"). Plaintiff has not completed his federal sentence. http://www.bop.gov/inmateloc/ (Release Date: 06/25/2016) (last viewed Aug. 18, 2015); Response, D.E. 8, Attch. ("You arrived at FCI Butner on June 2, 2015, for this review to be conducted. Until a decision is reached by the Certification Review Panel, a referral for a halfway house placement . . . cannot be initiated."). Thus, no § 4248 certification has been filed with the court. Id.

As stated before, the United States Court of Appeals for the Fourth Circuit's decision in Timms v. Johns, 627 F.3d 525 (4th. Cir. 2010), held that a person against whom a § 4248 action has been initiated must exhaust all remedies within the § 4248 action prior to seeking a writ of habeas corpus under § 2241. Petitioner could not have exhausted such remedies given the process has not yet resulted certification and he continues to serve an active criminal sentence.

The court further holds that petitioner has no constitutionally protected interest in a particular housing assignment, transfer to a particular prison, or as petitioner seeks transfer to a halfway house prior the expiration of his term on incarceration. See Moody v. Daggett, 429 U.S. 78, 88, n. 9, 97 S. Ct. 274 (1976) (Federal prisoners have no constitutional or inherent right to participate in rehabilitative programs while incarcerated); Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 7, 99 S. Ct. 2100 (1979) (Nor do prisoners have a constitutional right to release before the expiration of a valid sentence.); see also Sandin v. Conner, 515 U.S. 472, 484, 115 S. Ct. 2293 (1995); Russell v. Caraway, 2012 WL 5510999, *5-6 (D. Md. 2012); Walsh v. Berkebile, 2011 WL 1547908, *6 (S.D. W. Va. 2011).

The petition is DENIED without prejudice. All pending motions are DENIED as MOOT. The certificate of appealability is DENIED, and the case is CLOSED.

SO ORDERED. This 20 day of August 2015.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE